PER CURIAM.
Plaintiff-appellee moves to dismiss this appeal on the ground that the amount involved exceeds the $2,000 upper limit of our jurisdiction.
Plaintiff obtained an injunction prohibiting the civil sheriff and a seizing creditor from proceeding further with the execution levied upon 2,500 shares of the common stock in the Gentilly Land Company, Inc. The judgment also decreed that Certificate No. 9 evidencing the said 2,500 shares of common stock was a nullity, and Gentilly Land Company, Inc., through its receiver, was ordered to cancel the stock on the books of the corporation “as if the same had never been issued.” The seizing creditor is the appellant.
Therefore, in this case no specific moneyed demand is involved, and the test of appellate jurisdiction is the pecuniary value of the 2,500 shares of common stock. The par value of each share is one cent. Plaintiff alleges that the actual value of each share exceeds $1, which allegation is denied by the seizing creditor for lack of information upon which to formulate a belief.
In the court below appellant excepted to. the court’s jurisdiction rationae materiae,, and in order to determine whether jurisdiction was vested in him, the trial judge heard evidence as to the present-day value of the shares. The receiver of the plaintiff corporation testified that she recently purchased 21 shares of the preferred stock of the corporation, which has a par value of $100, and also 3,500 shares of the common stock. She paid $6,000 for all of said shares, the price paid for the 3,500 shares of common stock being $3,900.
The trial judge after hearing this evidence was convinced in his own mind that he had jurisdiction to try, hear, and determine the case, and consequently overruled the exception to his jurisdiction.
The appellant made no attempt below to show the.value of the 2,500 shares, merely adopting the position .that the aggregate par value of the shares should be accepted as the test for jurisdictional purposes. We do not think that the par value of the shares is the true standard for determining jurisdiction, and in view of the testimony alluded to above, we believe, as did the trial judge, that the shares are worth more than $1 each, and whereas the thing in dispute, to wit, the 2,500 shares of stock, has a total worth in excess of $2,000, we lack jurisdiction of the appeal.
Therefore, exercising the discretion vested in us by law, it is ordered, adjudged and decreed that this appeal be and it is hereby transferred to the Supreme Court of Louisiana to be there disposed of according to law; such transfer is to be perfected within *377 sixty days from the finality of this decree, and if the transfer is not so made, then the appeal is to stand as though it had been dismissed by us. Appellant is to pay the cost •of appeal in this court, while all other costs are to await a final determination of the •case.
Appeal transferred to the Supreme Court.